UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DEWEY MILLER,                      JURY TRIAL DEMANDED

              Plaintiff(s),                    COMPLAINT

                                                                   CIVIL RIGHTS COMPLAINT
-against-                            PURSUANT TO 42 U.S.C. §1983

THE CITY OF NEW YORK, POLICE OFFICER      Civil Action No. 14 CV 5554
MICHAEL KOLODY (Tax Registry No. 935130).

              Defendant(s).

---

        Dewey Miller ("Plaintiff"), by his attorney Michael F. Rubin, Esq. complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

## THE PARTIES

        1.     At all times hereinafter mentioned, plaintiff Dewey Miller (hereinafter "Miller"), was and still is a resident of the County of Queens, in the City and State of New York.

        2.     At all times relevant and material herein, the defendant City of New York hereinafter "City" was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

        3.     At all times relevant and material herein, the defendant Police Officer Michael Kolody (Tax Registry No. 935130) hereinafter "Kolody" was an employee of the Police Department of the City of New York.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claim for relief arising under 42 U.S.C. §1983.

5.  Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. §1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

6.  Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant City is subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING
## TO ALL OF PLAINTIFF'S CLAIM

7.  At all times relevant and material herein, the defendant City operated, maintained, managed, supervised and controlled The New York City Police Department (hereinafter "NYPD") as part of and in conjunction with its municipal functions.

8.  At all times relevant and material herein, the defendant Kolody was an employee of the NYPD.

9.  That at all times hereinafter mentioned and upon information and belief, the defendant City, employed and supervised Kolody.

10. Upon information and belief, Kolody was a graduate of the Police Academy of the NYPD.

11. At all times relevant hereto, the defendant City had the duty to competently and

sufficiently train, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant officer Kolody to conform his conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting himself in such a manner so as to not intentionally, wantonly and/or negligently injure citizens such as plaintiff herein.

12. In addition, at all times relevant hereto, the defendant City had the duty to competently and sufficiently train within the Police Academy and at the Command, Precinct and Patrol levels the defendant officer Kolody in the protection of the rights of plaintiff under the Constitution of the United States of America.

13. At all times hereinafter mentioned, upon information and belief, the defendant Kolody was acting in his capacity as an employee, agent and/or servant of the defendant of City of New York.

14. At all times hereinafter mentioned, the defendant Kolody was acting under the color of State law.

15. At all times hereinafter mentioned, the defendants' acts constituted State action.

16. Subsequent to an investigation of alleged illegal conduct not involving the plaintiff, Kolody placed plaintiff under arrest at the intersection of 183rd Street and 149th Avenue, County of Queens, State of New York. Plaintiff was placed in handcuffs and was thereafter detained against his will and incarcerated until his release.

17. Plaintiff was charged with Obstructing Governmental Administration in the Second Degree, in violation of New York State Penal Law §195.05, and with Resisting Arrest, in violation of Penal Law §205.30.

18. Without probable or just cause, grounds or provocation, Kolody placed Miller in imminent fear of unlawful touching, beat Miller in a manner that was excessive, unreasonable, unnecessary and without any privilege or justification, and touched the plaintiff in a hostile,

offensive manner without his consent and with the intention of harmful or offensive bodily contact.

19. By reason of the foregoing acts by the defendant, plaintiff Miller was injured and suffered, and upon information and belief, will continue to suffer, continuous pain and anguish.

20. By reason of the foregoing acts by the defendants, plaintiff was caused emotional anguish, distress and embarrassment, and upon information and belief, will continue to suffer same.

21. By the reason of the foregoing, plaintiff was compelled to remain incarcerated for approximately eighteen (18) hours until he was released from jail on September 9, 2013.

22. Miller remained the subject of a New York City criminal court complaint until the charges against him were dismissed on October 22, 2013.

### ALLEGATIONS PERTAINING TO PLAINTIFF'S CLAIMS UNDER STATE LAW

23. Before the commencement of this action, and within 90 days of September 9, 2013, a Notice of Claim containing the information required by law was duly served upon the defendant City on November 26, 2013.

24. That on June 3, 2014, a hearing pursuant to New York State's General Municipal Law §50-h, was held.

25. More than thirty (30) days have elapsed since the claims upon which this action is based were presented to the defendant City, and said defendant has neglected and/or refused to make payment or adjustment thereof.

26. This action is commenced within one (1) year and ninety (90) days after both the accrual of the causes of action alleged in this complaint, and the happening of the incidents and acts complained of herein.

### FIRST CLAIM FOR RELIEF (FOR ASSAULT AND BATTERY)
### (PURSUANT TO 42 U.S.C §1983)

27. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

28. Kolody's conduct that constituted assault and battery of plaintiff was excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the Constitution.

29. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

### SECOND CLAIM FOR RELIEF
### (COMMON LAW ASSUALT)

30. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

31. The defendants are liable for assault to plaintiff.

32. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

### THIRD CLAIM FOR RELIEF
### (COMMON LAW BATTERY)

33. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

34. The defendants are liable for battery to plaintiff.

35. As a result thereof, Plaintiff is entitled to judgment the amount of $1,500,000.00.

### FORTH CLAIM FOR RELIEF
### (COMMON LAW NEGLIGENCE)

36. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs

with the same force and effect as if fully set forth.

37. The defendant City was negligent in its operation, management, supervision and control of its police department; in the training and conduct of its officer's at the aforesaid location; as a result, its employees, including Kolody, unlawfully arrested, imprisoned, and maliciously prosecuted the plaintiff.

38. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

### FIFTH CLAIM FOR RELIEF (FALSE ARREST) (PURSUANT TO 42 U.S.C §1983)

39. The plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

40. That on or about September 9, 2013, in the County of Queens, City and State of New York, the defendants their agents, servants and/or employees wrongfully and falsely arrested, imprisoned and detained plaintiff without any right or grounds therefore.

41. That on or about the September 9, 2013, the defendant wrongfully and falsely accused Miller of the crime of Obstructing Governmental Administration in the Second Degree, in violation of New York State Penal Law §195.05, and with Resisting Arrest, in violation of Penal Law §205.30.

42. That the said arrest and imprisonment was caused by the defendants, their agents, servants and/or employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that Miller was guilty of such crime.

43. While the plaintiff was at the above location, the defendants, their agents, servants and/or employees, wrongfully and unlawfully, against the plaintiff's wish, without probable or reasonable cause, violently handcuffed, arrested and imprisoned the plaintiff and with full force of arms, laid hold of and compelled him to go with the said defendant Kolody, and his brother police

officers, and be detained and imprisoned in or near premises known and designated as the 105th precinct located in the County of Queens, City and State of New York for eighteen (18) hours until released from jail at or about September 9, 2013.

44. That the plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct that defendant, their agents, servants and/or employee were investigating, and was forced by the defendant to submit to the aforesaid arrest and imprisonment entirely against his will.

45. That as a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment and within the scope of their authority, made falsely, publicly, and maliciously, the plaintiff was compelled to appear before a Judge of the Criminal Court of the City of New York, Queens County and to be arraigned on docket number 2013QN050404 on September 9, 2013.

46. That the defendants, their agents, servants and/or employees, as set forth above on or about the above date, time and place, intended to confine the plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

47. That by reason of false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes, was denied and prevented from gaining access to medical care, was strip searched, and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

48. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

### SIXTH CLAIM FOR RELIEF
### (COMMON LAW FALSE ARREST)

49. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

50. That on or about September 9, 2013 on or about 1:00 a.m. at the corner of 183rd Street and 149th Avenue, County of Queens, the defendants their agents, servants and/or employees wrongfully and falsely arrested, imprisoned and detained plaintiff, without any right or grounds therefore.

51. That on or about September 9, 2013, the defendants wrongfully and falsely accused the plaintiff of the crimes of Obstructing Governmental Administration in the Second Degree, in violation of Penal Law §195.05 and Resisting Arrest, in violation of Penal Law §205.30.

52. That the said arrest and imprisonment was caused by the defendants, their agents, servants and/or employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was guilty of any crimes.

53. While the plaintiff was present at the above location, the defendants, their agents, servants and/or employees, wrongfully and unlawfully, against the plaintiff's wish, without probable or reasonable cause, detained him, illegally searched him and then arrested and imprisoned the plaintiff.

54. By reason of the foregoing, plaintiff was compelled to remain incarcerated for approximately eighteen (18) hours until he was released from jail on or about September 9, 2013. The case was dismissed on October 22, 2013 at the request of the Queens County District Attorney.

55. That the plaintiff was wholly innocent of any criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and/or employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment entirely against his will.

56. That as a result of the aforesaid accusations made by the defendants, their agents servants and/or employees acting under their employment and within the scope of their authority, made falsely, publicly, and maliciously, the plaintiff was compelled to be imprisoned.

57. That the defendants, their agents, servants and/or employees, as set forth above on or about the above date, time and place, intended to confine the plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

58. That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at a trial of this action but believed to be in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorneys fees and such other relief as this court may deem just and proper.

### SEVENTH CLAIM FOR RELIEF (MALICIOUS PROSECUTION) (PURSUANT TO 42 U.S.C §1983)

59. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

60. That on or about the 9th day of September 2013, while the plaintiff was lawfully and properly in the County of Queens, City and State of New York, and at subsequent times thereafter, including but not limited to the 105th Precinct, in Queens County, New York, the defendants, their agents, servants and/or employees maliciously prosecuted and detained plaintiff, Dewey Miller, without any just right or grounds therefore.

61. That the plaintiff was and is wholly innocent of the charges he was alleged by the defendant to have committed, and was forced by the defendant to submit to court proceedings.

62. That on or about the September 9, 2013, before the Honorable presiding Judge of the Criminal Court of the City of New York, Queens County the defendant, their agents, servants and employees falsely and maliciously and without probable cause or provocation charged the plaintiff with a violation under the Penal Law, to wit: violation of §§195.05 and 205.30 of the Penal Law of the State of New York.

63. That upon examination, the said charges were falsely and maliciously made. That a Judge of the Criminal Court of the City of New York dismissed all charges under the docket number 2013QN050404 wherein violations of New York Penal Law §§195.05 and 205.30 were alleged, on October 22, 2013.

64. That the said criminal charges and prosecution were instituted and procured by the defendants, their agents, servants and/or employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and/or continuation of the criminal proceedings by the defendant against the plaintiff was without probable cause, was with actual malice and was terminated in favor of the plaintiff.

65. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, was strip searched, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

66. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

### EIGHTH CLAIM FOR RELIEF
### (COMMON LAW MALICIOUS PROSECUTION)

67. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

68. That on or about the September 9, 2013 while the plaintiff was lawfully and properly in the County of Queens, City and State of New York, and at subsequent times thereafter, including but not limited to 105th Precinct, in Queens County, New York, the defendants, their agents, servants and/or employees maliciously prosecuted and detained plaintiff Miller without any just right or grounds therefore.

69. That the plaintiff was and is wholly innocent of the charges he was alleged by the

defendant to have committed, and was forced by the defendant to submit to court proceedings.

70. That on or about September 9, 2013, before the Honorable presiding Judge of the Criminal Court of the City of New York, Queens County, the defendants, their agents, servants and employees maliciously and without probable cause or provocation charged the plaintiff with a violation under the Penal Law, to wit: violation of §§ 195.05 and 205.30 of the Penal Law of the State of New York.

71. That upon examination, the said charges were falsely and maliciously made. That a Judge of the Criminal Court of the City of New York dismissed all charges under the docket number 2013QN050404 wherein violations of New York Penal Law §§ 195.05 and 205.30 were alleged, on October 22, 2013.

72. That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and/or employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore. That the commencement and/or continuation of the criminal proceedings by the defendant against the plaintiff was without probable cause, was with actual malice and was terminated in favor of the plaintiff.

73. That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the community, incurred legal fees and related expenses, and the said plaintiff has been otherwise damaged.

74. As a result thereof, plaintiff is entitled to judgment in the amount of $1,500,000.00.

**WHEREFORE**, plaintiff demands judgment against the defendants as follows:

On each claim for relief, judgment in the amount $1,500,000.00, and plaintiff demands an

additional sum of punitive damages against each defendant to be determined at the trial of this action; and in the event plaintiff is a prevailing party, attorneys fees; and interest, costs, and such other relief as to this Court shall seem just and proper.

Dated: September 9, 2014

Yours, etc.,

Michael F. Rubin, Esq. (0697)
Kelly & Rubin, LLP.
275 Seventh Avenue, Suite 1505
New York, NY 10001
Tel: (212) 691-9393
MFR@kellyrubin.com